# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

PAUL R. JAMES, JR.,

               Plaintiff,

        v.

GOOSE CREEK CORRECTIONAL
CENTER and THE ALASKA
DEPARTMENT OF CORRECTIONS,

               Defendants.

Case No. 3:23-cv-00156-SLG

## NOTICE OF INTENT TO DISMISS

On July 12, 2023, Paul R. James, Jr., a self-represented prisoner, filed two complaints, a copy of his prisoner account from June 1, 2023, through July 7, 2023, and a document titled "Summons and Notice to both Parties of Judicial Assignment."[1] Plaintiff names himself and the "Fed. Court" as Plaintiffs and names Goose Creek Correctional Center and the Alaska Department of Corrections as Defendants.

Plaintiff's filings are deficient. In order to properly commence a civil action, a litigant must file a complaint, a civil cover sheet, and either pay the filing fee of $402.00 or file an application to waive prepayment of the filing fee.[2] Prisoner litigants requesting to waive prepayment of the filing fee must include a statement

---

[1] Dockets 1-2.

[2] Local Civil Rule 3.1.

from their prison trust account for the past six months.[3] Plaintiff has not paid the filing fee or a completed application to waive prepayment of the fee. Therefore, this civil action is deficient. Ordinarily, the Court would grant Plaintiff an additional 30 days to cure the deficiency. However, Plaintiff's filings also violate Rule 8 of the Federal Rules of Civil Procedure, fail to state a claim upon which relief may be granted, and name as defendants entities that are immune from suit in federal court. Therefore, the Court intends to dismiss this case.

While the Court may act with leniency towards a self-represented litigant, Plaintiff is not excused from the rules that govern court proceedings. The Court has previously provided Plaintiff with information and opportunities to cure the deficiencies in his other cases. The Court takes judicial notice[4] of Plaintiff's other cases filed in this court, *James v. Corragein* [sic] *et al.,*[5] *James v. Case, et al.,*[6] *James v. Official's Bethel Jail, et al.,*[7] and *James v. State of Alaska.*[8]

---

[3] Local Civil Rule 3.1(c)(3).

[4] A court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[5] Case No. 3:19-cv-198-RRB, Docket 7 (Order of Dismissal: Plaintiff seeks relief from defendants who are immune from suit, and his claims are barred by *Heck v. Humphrey).*

[6] Case No. 3:16-cv-126-RRB, Docket 3 at 4 (Order of Dismissal: "this Court lacks subject matter jurisdiction.").

[7] Case No. 3:22-cv-269-JMK, Docket 8 (Screening Order dismissing Complaint with leave to amend), Docket 9 (First Amended Complaint).

[8] Case No. 3:22-cv-246-JMK, Docket 5 (Order Dismissing Case with prejudice for naming a Defendant who is immune from suit).

Case No. 3:23-cv-00156-SLG, *James v. Goose Creek Correctional Center & DOC*
Notice of Intent to Dismiss
Page 2 of 4

Case 3:23-cv-00156-SLG   Document 3   Filed 07/20/23   Page 2 of 4

As the Court has previously explained, Plaintiff cannot maintain a claim against the State of Alaska or state agencies, such as the Department of Corrections, in federal court.[9] The Eleventh Amendment to the U.S. Constitution prohibits lawsuits in federal court against a state or the "arms of the state" (the state's governmental branches, divisions, offices, and departments), unless the state or agency agrees to waive its immunity.[10]

No other defendants or facts could be substituted to state a plausible claim for relief. Therefore, the Court finds amendment would be futile and intends to dismiss this case. This dismissal would count as a "strike."[11] After three strikes, a prisoner plaintiff may no longer bring suits in federal courts without prepayment of the filing fee unless the prisoner can demonstrate an "imminent danger of serious physical injury."[12] Therefore, in the interest of fundamental fairness, the Court provides Plaintiff with 30 days to voluntarily dismiss this action, in order avoid receiving a strike.[13]

---

[9] See, e.g., *James v. Officials of Bethel Jail, et al.* Case No. 3:22-cv-00269-JMK, Docket 8 at 8-9. *See also James v. State of Alaska*, Case No. 3:22-cv-00246-JMK, Docket 5 at 2.

[10] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[11] 28 U.S.C. § 1915(g).

[12] *Id.*

[13] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) does not count as a "strike" under 28 U.S.C. § 1915(g).

Case No. 3:23-cv-00156-SLG, *James v. Goose Creek Correctional Center & DOC*
Notice of Intent to Dismiss
Page 3 of 4

Case 3:23-cv-00156-SLG   Document 3   Filed 07/20/23   Page 3 of 4

**IT IS THEREFORE ORDERED:**

1.  Plaintiff has **30 days from the date of this order** in which to file a signed Notice of Voluntary Dismissal in order to avoid receiving a strike as required by 28 U.S.C. § 1915(g).

2.  If Plaintiff does not respond within 30 days of the date of this order, the Court will dismiss this action pursuant to 28 U.S.C. §§ 1915(e) and 1915A for naming defendants that are immune from suit in federal court and failing to state a cause of action; the Court will also issue a strike against Plaintiff per 28 U.S.C. § 1915(g).

3.  The Clerk of Court is directed to send Plaintiff a Notice of Voluntary Dismissal form (PS 90).

DATED this 20th day of July, 2023 at Anchorage, Alaska.

> */s/ Sharon L. Gleason*
> UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00156-SLG, *James v. Goose Creek Correctional Center & DOC*
Notice of Intent to Dismiss
Page 4 of 4
Case 3:23-cv-00156-SLG   Document 3   Filed 07/20/23   Page 4 of 4